J-A06021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDRAS CARRASQUILLO | : | |
| | : | |
| Appellant | : | No. 1250 MDA 2018 |

Appeal from the Judgment of Sentence Entered January 25, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001763-2016

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 12, 2019**

Appellant Edras Carrasquillo appeals from the judgment of sentence entered following his convictions for first-degree murder, third-degree murder, and possession of a firearm prohibited.[1]  Appellant asserts that the trial court erred by failing to provide the jury with a "progression charge" related to the charges of murder in different degrees against him.  We affirm.

The trial court summarized the relevant background to this matter as follows:

On May 10, 2016, [Appellant] murdered Andrew Enimpah by firing 13 bullets into his head and back.  After lengthy pre-trial delays, a trial was held on the week of December 4, 201[7].  Following a guilty verdict, this [c]ourt conducted a [s]entencing [h]earing in this matter on January 24, 2018[, and filed the order regarding

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), (c), and 6105(a)(1), respectively.

the judgment of sentence on January 25, 2018]. On Count 1 ([f]irst[-d]egree [m]urder), we imposed the mandatory sentence of life in prison. We declared that the jury's verdict of [t]hird[-d]egree [m]urder merged with Count 1 and we did not impose a sentence upon [Appellant] for [t]hird[-d]egree [m]urder. On the firearms offense, we imposed a 4-10 year sentence to be served consecutive to [Appellant's] sentence of life in prison.

Subsequently, [Appellant] filed a Motion for Post-Sentence Relief on February 5, 2018. In his Motion, [Appellant] argued that the jury's verdict was inconsistent and that the Court erred by not giving the jury a "progression charge." After numerous extensions, [Appellant] finally filed his brief on June 29, 2018. These two issues were addressed in this [c]ourt's [order and o]pinion dated July 9, 2018[, in which the trial court denied Appellant's post-sentence motions].

Trial Ct. Op., 9/12/18, at 1-2.

Appellant filed a timely notice of appeal to the order of July 9, 2018.[2]

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and

_____

[2] Appellant filed timely post-sentence motions on February 5, 2018. If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). Here, however, the trial court did not rule on the motions until after 120 days elapsed, at which point the motions should have been denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. Pa.R.Crim.P. 720(A)(2)(b).

In this matter, the date the post-sentence motions should have been denied by operation of law fell on June 5, 2018. Appellant's notice of appeal, filed on July 24, 2018, was untimely. However, the clerk of courts did not enter an order denying the post-sentence motions by operation of law and the trial court denied the motions on the merits, indicating that Appellant had thirty days from July 9, 2018, in which to file a notice of appeal. Accordingly, we will consider the order denying Appellant's post-sentence motions outside the

Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 12, 2018, in which the court referred to its opinion of July 9, 2018. The court noted that

> no request for a progression charge was submitted by [Appellant's] counsel, nor did [Appellant's] attorney object to the charge on the basis that a progression instruction was omitted. Pennsylvania [l]aw is clear that failure to object to a specific charge or omission in a charge waives the right to pursue that argument on appeal.
>
> By requiring that the jury completely analyze all elements of every crime charged, this [c]ourt did not err.

Trial Ct. Op., 7/9/18, at 15-16.

On appeal, the sole question Appellant raises is: "Did the trial court abuse its discretion when it failed to issue a progression charge to the jury, which resulted in an inconsistent verdict?" Appellant's Brief at 6.

Appellant argues that "to clarify issues for the jury, one method employed by the court has been to direct the jury to consider at the outset the most serious form of the offense with which the defendant has been charged." *Id.* at 17. "In the instant case, had the trial court provided a progression charge, the verdict of guilty of first degree murder would have ended the jury's deliberations as to the charge of third-degree murder." *Id.*

_____

120-day period to be a breakdown in court operations and will not quash the instant appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007) (noting that this Court has "found a breakdown where the clerk of courts did not enter an order notifying the appellant that his post-sentence motion was denied by the operation of law").

at 19. "[B]ecause the jury was charged with evaluating multiple degrees of homicide the trial court erred by failing to issue the appropriate progression charge. Had a progression charge been issued, any jury confusion would have been alleviated and the resulting inconsistent verdict could have been avoided." *Id.* at 21.

As an initial matter, we note that Appellant's trial counsel did not request a progression charge or object to the jury instructions the trial court provided. Accordingly, Appellant has waived any objection to the failure to issue a progression charge. *See* Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.").

Even if we were to consider whether it was error to fail to provide a progression charge, Appellant's claim is without merit.

> Our standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law. Our key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations.

*Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa. Super. 2018) (citations, brackets, and quotation marks omitted). In *Commonwealth v. Hart*, 565 A.2d 1212 (Pa. Super. 1989), we noted that "**one method** by which the court may choose to clarify issues for the jury is to direct the jury to consider at the outset the most serious form of the offense with which the defendant has been charged." *Hart*, 565 A.2d at 1216 (emphasis added).

- 4 -

Here, Appellant does not provide, and we are not aware of any, case law that requires a progression charge to be given in a case involving charges for multiple degrees of murder. In **Hart**, a progression charge is described as merely one way in which to instruct a jury, but not the only way to do so. **See id.** In the instant case, the trial court properly instructed the jury on the elements of the crimes charged, and because there is no basis to conclude that the absence of the progression charge led to confusion, the trial court did not err.[3] **See Cannavo**, 199 A.3d at 1286.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/12/2019

---

[3] Additionally, as to Appellant's contention that the verdict of first-degree and third-degree murder is inconsistent, it is well established that a jury's conviction of both first- and third-degree murder is not inconsistent. **See Commonwealth v. Young**, 748 A.2d 166, 174-75 (Pa. 1999) (noting that a conviction of first-degree murder requires a finding of specific intent to kill while a conviction of third-degree murder does not address intent, and a simultaneous verdict of each is not inconsistent). Accordingly, were we to consider the merits of Appellant's claim in the instant matter, we would conclude that his convictions for both degrees of murder were not inconsistent.